IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM BARYO, JR.; BRETT BAUGHMAN; BETH BAUGHMAN;<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP MORRIS USA, INC.; R.J. REYNOLDS TOBACCO CO.; BROWN & WILLIAMSON HOLDINGS, INC., f/k/a BROWN & WILLIAMSON TOBACCO CORP.; LORILLARD TOBACCO CO.; HILL & KNOWLTON, INC.; THE AMERICAN TOBACCO CO.; LIGGETT & MYERS, INC.; LIGGETT GROUP, INC.;UNITED STATES SMOKELESS TOBACCO CO.; and THE TOBACCO INSTITUTE;<br><br>Defendants. | Case No. 05-1182-CV-W-NKL |

ORDER

Pending before the Court is Defendants Lorillard Tobacco Company, Philip Morris USA, Inc., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., and U.S. Smokeless Tobacco Co.'s Motion for Partial Dismissal of Plaintiffs' First Amended Complaint [Doc. # 70], which Defendants Liggett & Meyers, Inc., and the Liggett Group join [Doc. # 76]. Also pending before the Court are Defendants Hill & Knowlton, Inc., and the Tobacco Institute's Motions to Dismiss [Docs. ## 77 and 80, respectively]. For the reasons set forth below, all four motions are granted.

1

## I. Factual Background

Plaintiffs are the surviving spouse and children of Cathy Y. Baryo ("Baryo"), who died on January 1, 1999. Baryo smoked Marlboro, Basic, and Merit cigarettes, and other cigarettes manufactured by one or more other Defendants cigarette manufacturers. Baryo became addicted to nicotine found in cigarettes, and various attempts to quit smoking were unsuccessful. She died as the result of smoking cigarettes, and her decedents have sued for wrongful death.

## II. Motion for Partial Dismissal of Fraud Claims

Plaintiffs filed this suit on December 28, 2001, in the Circuit Court of Jackson County, Missouri, but did not serve any of the Defendants until June 2005. Following service, Defendants Lorillard Tobacco Company, Philip Morris USA, Inc., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., and U.S. Smokeless Tobacco Co. initially filed a Motion to Dismiss or in the Alternative for a More Definite Statement in state court, but they subsequently removed to federal court and refiled their state court briefing on their Motion to Dismiss. On May 19, 2006, this Court ruled that Plaintiffs' fraud-based allegations in Counts III, IV, VI, and VII were not pleaded with sufficient particularity under Rule 9(b). Specifically, Plaintiffs had alleged that Defendants

> directly or indirectly, jointly and severally, made numerous representations to the general public, including Mrs. Baryo, including but not limited to representations that cigarettes and nicotine were not addictive; that smoking was healthy; that smoking was beneficial and socially desirable; that there was no scientific, medical or other evidence linking smoking with cancer or other diseases; that the paramount concern of [the Defendants] was the health of the public; that they would support independent scientific and

> medical research on the relationship between smoking and health, and that
> they would disclose the results of such research.

Compl. Count III, ¶ 2. The Court concluded that these conclusory allegations did not put the Defendants on notice of the "circumstances of the fraud," including "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" (Order at 11 (quoting *Commercial Property Investments, Inc. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir. 1995)). Rather than dismissing these Counts, however, the Court gave Plaintiffs leave to file an Amended Complaint within 20 days stating the "circumstances of the fraud" with greater particularity.

On June 7, 2007, Plaintiffs filed an Amended Complaint [Doc. # 49] with the following language added to Paragraph 2 of Count III just after the language quoted above:

> These representations are known to the Defendants and have been catalogued, in part, on a website maintained by Defendant Philip Morris with a uniform resource locator of www.pmdocs.com, the entire contents of which are incorporated herein by reference. A particular example of these representations, which is illustrative but by no means inclusive [sic] is titled "A Frank Statement to Cigarette Smokers" and is attached hereto as Exhibit A and incorporated by reference herein.

There are no other substantive additions in the Amended Complaint. Defendants have again moved to dismiss Counts III, IV, VI, and VII on the grounds that Plaintiffs have failed to comply with the Court's May 19 Order.

Although Plaintiffs have cited to a Philip Morris website cataloging millions of documents from other tobacco litigation, and have included a sample document from that

3

website, they have still not satisfied the pleading requirements of Rule 9(b). "A pleading incorporating allegations from other documents must clarify which statements are to be incorporated." *Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7*, 747 F.2d 1195, 1198 (8th Cir. 1984). "Further, an exhibit incorporated into a pleading must be attached." *Id.* (citing Fed. R. Civ. P. 10(c)). There is only one document from the website attached, "A Frank Statement to Cigarette Smokers." There are no allegations that Ms. Baryo ever saw it or any of the other documents cataloged on the website. There are no allegations as to which if any of these documents or representations she relied on.[1] Only Plaintiffs are in a position to know what representations were made to their decedent and which of them she in fact relied on. Rule 9 requires that they plead such facts with particularity. Plaintiffs have failed to do so even after being granted extra time by the Court. Counts III, IV, VI, and VII will therefore be dismissed for failure to comply with Rule 9(b) and this Court's Order of May 19, 2006.

## III. Hill & Knowlton and the Tobacco Institute's Motions to Dismiss

As noted above, Plaintiffs filed this suit in state court in 2001 but did not serve any of the Defendants until June 2005. In their initial effort to serve Hill & Knowlton ("H&K") on June 23, 2005, Plaintiffs left a summons with a secretary in the Jefferson

---

[1] Although Plaintiffs reference the "the representations in ¶ 2" in almost every other paragraph of Count III, e.g., to state that such representations were materially false and intended to mislead, they omit any reference to ¶ 2 or Philip Morris's website or "A Frank Statement to Cigarette Smokers" anywhere in ¶ 12, the paragraph alleging that Ms. Baryo relied on "the representations" of the Defendants. Defendants note that "A Frank Statement to Cigarette Smokers" was published in 1954 when Ms. Baryo was three years old, a claim Plaintiffs do not dispute.

4

City Law Offices of Clyde P. Angle, an attorney whom Plaintiffs had believed to be the registered agent for H&K in Missouri, c/o United Corporate Services, Inc. ("United"). However, H&K withdrew from doing business in Missouri in 1988 and terminated United Corporate Services as its agent at that time. Because Angle was not in fact the registered agent for H&K, he returned the summons to the Cole County Sheriff's Office, who filed the summons with the notation "Returned to Cole Sheriff by atty. Stated he is not the reg. agent for this company." Plaintiffs made no further attempt to serve H&K at that time. Nevertheless, they filed a Motion for Default after the time had elapsed for H&K to respond.

Similarly, Plaintiffs originally attempted service of Defendant Tobacco Institute ("TI") on June 21, 2005, by delivering a summons to CT Corporation System ("CT"). Like H&K, however, TI formally withdrew from doing business in Missouri on April 4, 1994, and terminated CT as its registered agent at that time. TI has had no registered agent in Missouri since 1994. When service was attempted on CT in June 2005, CT refused the summons and returned it to Plaintiffs' counsel by Federal Express without forwarding it on to TI. No other form of service was attempted at that time, but Plaintiffs eventually filed a Motion for Default after TI's time to respond had elapsed.

When they learned of the pending motions for default from their co-defendants, Both H&K and TI appeared for the limited purpose of challenging service of process. In its May 19, 2006 Order, the Court concluded that neither Defendant had been properly served. Noting that Plaintiffs had filed Returns of Service for both H&K and TI despite

5

obvious defects, the Court reminded all parties of their obligations under Rule 11 when filing any pleading, written motion, or other paper with the Court. Nevertheless, the Court gave Plaintiffs 20 days, or until June 8, 2006, to effect proper service. On June 7, 2006, Plaintiffs filed what purported to be a "Return of Service" for both Defendants on ECF. In fact, what Plaintiffs filed was a Certified Mail Receipt showing that they had mailed a copy of the amended complaint to Defendants on June 7. TI actually received the Amended Complaint on June 9;[2] H&K, on June 12. Neither Defendant received a Summons with the Complaint.

Federal Rule of Civil Procedure 4(c)(1) provides, "A summons shall be served together with a copy of the complaint." Rule 4(h) further provides that "service upon a domestic or foreign corporation . . . shall be effected: (1) . . . in the manner prescribed for individuals by subdivision (e)(1)." Rule 4(e)(1) provides that "Service . . . may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Missouri law provides, "A foreign corporation may be served by registered or certified mail, return receipt requested, . . . if the foreign corporation: . . . (2) Has withdrawn from transacting business in this state . . . ." Mo. Rev. Stat. § 351.594.2. If service is made under the Missouri provision, it is perfected "at the earliest of: (1) The date the foreign corporation receives the mail; (2) The date shown on the return receipt, if

---

[2] The parties dispute whether TI actually received the Amended Complaint on June 9 or June 12.

signed on behalf of the foreign corporation; or (3) Five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postpaid and correctly addressed." Mo. Rev. Stat. § 351.594.3. Thus, under Federal Rule 4 and Missouri law, Plaintiffs did not have until June 8 to mail the service; rather, they had until June 8 to see that Defendants received service. Because TI did not receive the Amended Complaint until at least June 9, and H&K until June 12, Defendants urge the Court to dismiss Plaintiffs claims with prejudice for failure to comply with the Court's 20 day window. Rather than objecting to Defendants' punctilious reading of the Court's May 19 Order, Plaintiffs rely on an inapplicable state procedural rule to argue that they actually had until June 12 to effect service. Whichever date was the true deadline for service, however, Plaintiffs failed to serve Defendants with a summons as required by Fed. R. Civ. P. 4(c).

Plaintiffs argue that no summons was needed under Missouri Law, a claim which, even if true, would be at odds with the plain language of Federal Rule 4(c). They further argue that Defendants were already served with a summons in June of 2005, a claim at odds with this Court's May 19, 2006 Order finding that these two Defendants have never been served. The Court could overlook a few days' delay in serving H&K and TI had Plaintiffs served them with a summons and complaint in accord with Rule 4. However, as they have never served these two Defendants with a summons despite being given two chances to do so in federal court (not to mention having five years to do so in state court), the Court will not give Plaintiffs yet another opportunity to comply with the rules and the Court's Order.

7

Plaintiffs' pattern of disregard for court rules can be tolerated only so long without consequence. At some point the Court must demand respect for the rules. Plaintiffs' claims against Hill & Knowlton and the Tobacco Institute are dismissed for failure to comply with Rule 4.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants Lorillard Tobacco Company, Philip Morris USA, Inc., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., U.S. Smokeless Tobacco Co., Liggett & Meyers, Inc., and the Liggett Group's Motions for Partial Dismissal [Docs. ## 70 and 76] are GRANTED. Counts III, IV, VI, and VII are DISMISSED WITH PREJUDICE. It is further

ORDERED that Defendants Hill & Knowlton, Inc., and the Tobacco Institute's Motions to Dismiss [Docs. ## 77 and 80] are GRANTED. Plaintiffs' claims against Defendants Hill & Knowlton and the Tobacco Institute are DISMISSED WITH PREJUDICE.

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: September 25, 2006
Jefferson City, Missouri