IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM BARYO, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-1182-CV-W-NKL |
| ) | |
| PHILLIP MORRIS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs William Baryo, Jr., Brett Baughman and Beth Baughman originally sued Defendants R.J. Reynolds Tobacco Company ("Reynolds"), Brown & Williamson Tobacco Corporation ("B&W"), Philip Morris USA Inc. ("Philip Morris"), Lorillard Tobacco Company ("Lorillard"), and U.S. Smokeless Tobacco Company ("USSTC")[1] in Missouri state court for the wrongful death of Cathy Y. Baryo. Defendants Reynolds, B&W, Philip Morris and USSTC move for summary judgment[2] [Doc. # 218], arguing Plaintiffs' wrongful death claims are barred by the statute of limitations. Plaintiffs, now pro se, failed to respond, despite a show cause order [Doc. # 227] or the Court's reminder that they were under an obligation to comply with the Federal Rules during the course of this case [Doc. # 199]. This

---

[1] USSTC filed a motion to join in Defendants' summary judgment motion [Doc. # 220]. Because no party has objected, the Court grants USSTC's motion.

[2] Although originally a party to this summary judgment motion, on January 18, 2008, this Court granted summary judgment for Lorillard on its separate motion.

1

Court now grants summary judgment for Defendants Reynolds, B&W, Philip Morris and USSTC.

**I.   Facts**

Because Plaintiffs did not respond to Defendants' motion for summary judgement, the Court adopts Defendants' Statement of Uncontroverted Facts. *See* Local Rule 56.1(a). Cathy Baryo was diagnosed with lung cancer in August or September of 1997, and she died January 1, 1999, at 48 years of age. She was a long-time smoker, having started when she was around 15 years old.

In their First Amended Complaint, Plaintiffs allege that Ms. Baryo died as the result of smoking cigarettes manufactured and sold by Defendants. Although she began smoking while living in Missouri as a teenager, Ms. Baryo subsequently lived in several other states, including Florida, Hawaii, the District of Columbia, and California. At the time of her death, she had not lived in Missouri since 1993. Ms. Baryo was a resident and citizen of Kansas from 1996 until her death on January 1, 1999. It was while living in Kansas that she was diagnosed with lung cancer on October 22, 1997. She received cancer treatment in that state, and ultimately died there.

**II.   Discussion**

**A.   Summary Judgment Standard**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

2

judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citing *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir. 1983)).

### B. Statute of Limitations

Defendants argue that under Missouri's borrowing statute, § 516.190, RSMo, Kansas's two-year statute of limitations on wrongful death actions applies to Plaintiffs' claims. Section 516.190 provides: "Whenever a cause of action has been fully barred by the laws of the state . . . in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." The Missouri Court of Appeals has

3

stated, "When a cause of action 'originates' in another state, however, the foreign state's statute of limitations becomes applicable through Missouri's borrowing statute . . . ." *Ferrellgas, Inc. v. Edward A. Smith, P.C.*, 190 S.W.3d 615, 620 (Mo. App. 2006). Under the borrowing statute, a foreign state's statute of limitations serves as a bar in actions brought in Missouri's courts. The purpose of the borrowing statute is to prevent forum shopping for a longer statute of limitations: "The statute prevents a plaintiff from gaining more time to bring an action merely by suing in a forum other than where the cause of action accrued." *See Patch v. Playboy Enters., Inc.*, 652 F.2d 754, 756 (8th Cir. 1981); *see also* 2 Mo. Practice § 5.19 (4th ed. 2007).

In *Ferrellgas*, the Missouri Court of Appeals explained when the borrowing statute was applicable:

> The term "originated," as used in the borrowing statute, is equivalent to the term "accrued." *Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. banc 1992). Under section 516.100, a cause of action "accrues" when the damage resulting therefrom "is sustained and is capable of ascertainment." *Id*. "Capable of ascertainment" means "capable of being ascertained by a reasonable person using reasonable diligence." *Cook v. Desoto Fuels, Inc.*, 169 S.W.3d 94, 103 (Mo. App. 2005). Whether damages are capable of ascertainment is an objective test, ordinarily decided as a matter of law. *Id*. Damage is ascertainable "when the fact of damage can be discovered or made known, not when the plaintiff actually discovers injury or wrongful conduct," regardless of whether the amount of damage is then known. *Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. banc 1997). "Some damage for some amount" is all that is necessary to trigger accrual of a cause of action. *Day*, 98 S.W.3d at 97 (citing *Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983)).

*Id*. "A cause of action accrues when and originates where damages are sustained and capable of ascertainment." *Id*.

4

Plaintiffs sued Defendants for injuries resulting from Ms. Baryo's lung cancer. Ms. Baryo's cancer first manifested itself when she was residing in Kansas. She was treated for the cancer in Kansas, and died there as well. Defendants argue that Ms. Baryo's damages were first sustained and capable of ascertainment when she died in Kansas; Plaintiffs have not come forward and alleged otherwise. *See Natalini v. Little*, 185 S.W.3d 239, 246 (Mo. App. 2006) (in wrongful death case, stating, "[I]t is undisputed that Natalini's death occurred in Kansas. Therefore, the location where Plaintiffs sustained damage was in Kansas"). Thus, the Court holds that Missouri's borrowing statute controls. Kansas applies a two-year statute of limitations to wrongful death actions. *See Davidson v. Denning*, 914 P.2d 936, 942-43 (Kan. 1996); Kan. Stat. Ann. § 60-513(a)(5). Here, Plaintiffs filed their claims almost three years after Ms. Baryo's death. Plaintiffs have not shown that any applicable statute of limitations were tolled. *See Dreiling v. Davis*, __ P.3d __, 2008 WL 160829, at *3 (Kan. Ct. App. 2008) ("Although the burden of pleading and proving the applicability of the affirmative defense of statute of limitations rests on the defendant, the plaintiff bears the burden of proving facts sufficient to toll the statute of limitations."); *see also Thompson by Thompson v. Crawford*, 833 S.W.2d 868, 872 (Mo. 1992) (explaining that under borrowing statute, applicable tolling provisions of foreign state are borrowed as well). As a result, the claims are barred by the two-year statute of limitations.[3] Summary judgment is granted for

---

[3] Defendants next assert that the Court must engage in a choice-of-law analysis to determine which state's wrongful death statute will apply. The Missouri Supreme Court explains, "Traditional conflicts of law analysis is necessary to determine under which wrongful death statute the action should be brought, but as to the specific statute of limitations issue, where that statute does not have a built-in statute of limitations, section 516.190 controls."

5

Defendants on all claims.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant U.S. Smokeless Tobacco Company's Motion to Join Certain Defendants' Rule 56 Motion for Summary Judgment on the Issue of the Statute of Limitations [Doc. # 220] is GRANTED. It is further

ORDERED that Defendants R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, Philip Morris USA Inc., and U.S. Smokeless Tobacco Company's Motion for Summary Judgment [Doc. # 218] is GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: February 25, 2008
Jefferson City, Missouri

---

*Thompson*, 833 S.W.2d at 872. Kansas's wrongful death statute, Kan. Stat. Ann. § 60-1901, does not have a built-in statute of limitations. Therefore, in this case there is no need to do an analysis of which state's statute actually applies because the statute of limitations found in section 516.190 controls.